Argued February 16, affirmed March 6, rehearing denied March 27, 1928.

## J. M. KILCUP ET AL. *v.* S. P. MATHENY ET AL.

(264 Pac. 844.)

**Landlord and Tenant—In Accounting, Weight of Berries Raised by Lessees Held Properly Ascertained by Multiplying Number of Crates by Estimated Weight Per Crate.**

1. In lessees' suit for accounting of transaction growing out of cultivation of land under written contract or lease, number of pounds of berries raised by lessees *held* properly determined by multiplying number of crates by estimated weight per crate, where neither of parties had all of weights and there seemed to be no other way to ascertain number of pounds raised.

**Landlord and Tenant—In Lessees' Suit for Accounting Under Lease, Lessors' Claim for Horse and Implements Sold Lessees Held Properly Disallowed.**

2. In lessees' suit for accounting of transaction growing out of cultivation of land by lessees under written contract or lease, lessors' claim for horse and implements sold lessees *held* properly disallowed.

**Landlord and Tenant—In Suit for Accounting Under Lease, Buyer of Berries Raised by Lessees Held not Liable for Any Part of Balance Due Lessees.**

3. In lessees' suit for accounting of transaction growing out of cultivation of land by lessees under written contract or lease, packing company to which berries were sold *held* not liable for any part of balance due lessees from lessors.

Appeal and Error, 4 C. J., p. 1184, n. 45.

From Marion: L. H. McMAHAN, Judge.

Department 2.

This is a suit for an accounting of a transaction growing out of the cultivation of land by plaintiffs under a written contract or lease from defendants S. P. Matheny and his wife, for the terms of three years, for the purpose of cultivating and harvesting about twelve acres of strawberries on the shares. The lessees were to deliver to the lessors, or order, one half of the strawberries raised, and one half of

the strawberry plants at a certain "Rock Road." The lessees were to perform all labor at their own expense, excepting the lessors were to "pay one half of the picking of the strawberries." The lessors, before the lease, had contracted the strawberries to Hunt Brothers Packing Company at six cents per pound, to the terms of which contract the lease was made subject. An accounting was had pertaining to the proceeds of the 1926 crop and the Circuit Court rendered a decree in favor of plaintiff and against all of the defendants for a balance of $800. Defendants appeal.         AFFIRMED. REHEARING DENIED.

For appellants there was a brief and oral argument by *Mr. Custer E. Ross.*

For respondents there was a brief and oral argument by *Mr. Walter C. Winslow.*

BEAN, J.—The defendants Matheny asked for an accounting of the items relating to the 1925 crop of strawberries, as well as the crop of 1926. The trial court found with reference to the 1925 crop that a full and complete settlement had been made between the parties for the same, defendants Matheny retaining $250, as per the contract, to secure the performance thereof.

After reading the testimony we concur in such findings. The dealings between plaintiffs and Matheny and wife, whom we will hereafter call defendants, were complicated in regard to claims for expenses, as the parties exchanged work in caring for the crop and plaintiffs performed labor on other strawberries which defendants had upon the farm. The berries

124 Or.—41

were delivered by plaintiffs to defendants at the farm without being divided or the containers being marked in any way. They were hauled by Matheny, together with his crop, raised on the other portion of the farm, and sold to Hunt Brothers Packing Company, pursuant to the contracts.

1. Kilcup testified that he counted the crates of berries delivered by him, making the total number of crates 4,367. Some or all of them were weighed at the farm, but neither of the parties had all of the weights; therefore, an average of the weight per crate of the berries sold to the packing company was estimated at about fourteen pounds per crate. Of this defendants complain. There seems to have been no other way to ascertain the number of pounds of berries raised by plaintiffs.

The trial court found there was grown on the premises operated by plaintiffs, season of 1926, 52,000 pounds of strawberries, one half of which, or 26,000 pounds, were sold to Hunt Brothers at six cents per pound, amounting to $1,560, which belonged to plaintiff. Picking expenses, hauling plaintiffs' share to market, groceries furnished and money advanced and paid by defendants to plaintiffs, amounting to $760, was credited to defendants and charged to plaintiffs and the balance $800 found due plaintiffs.

2. We think the credit given defendants for expenses are as accurate as can possibly be made from the testimony. The number of pounds of strawberries raised by plaintiffs in 1926 we figure in excess of the amount found by the Circuit Court. Plaintiffs do not appeal or ask for a more favorable decree. The amount found due plaintiffs in the decree is well within the testimony. Defendants claim for a horse

and implements sold to plaintiffs and other items which were properly disallowed. Other small matters between the parties were offset, one against the other. As against the defendants Matheny and wife the lessors, the decree should be affirmed.

3. The settlement for the 1925 crop was made in a law office with the assistance of an attorney. On May 15, 1926, the attorney for plaintiff wrote a letter to defendant Hunt Brothers Packing Company, advising that a portion of the strawberries then being delivered by S. P. Matheny to the packing company belonged to Kilcup, and that "Mr. Kilcup is insisting upon his berries coming to you so that you can pay him therefor," and calling attention to the lease. The attorney also wrote a similar demand to Matheny complaining of the commingling of the berries raised by plaintiffs with those grown on the other part of the farm.

The plaintiff Kilcup was supervising the picking, delivering and transporting of the berries raised by him. All were delivered to Matheny at the field. He took no steps to mark the crates of those harvested by him, and made no effort to divide them there with Matheny, and except for the letters mentioned, he seemed to be satisfied to have them sent to Hunt Brothers Packing Company, together with Matheny's other berries, after trying to keep the weights. The berries were so commingled before they reached the packing company and were not then in a condition to be segregated by Hunt Brothers.

While the argument indicates it is not very material, yet we see no liability on the part of the packing company. The berries were delivered to them pursuant to plaintiff's contract, and this company

should be considered as a nominal defendant and the decree canceled as to it without any costs.

The decree against S. P. Matheny and wife is affirmed with costs.

AFFIRMED. REHEARING DENIED.

RAND, C. J., and BROWN and BELT, JJ., concur.